In the Matter of the APPLICATION OF the CITY OF WHITE, South Dakota, for Certification of Municipal Boundaries.

No. 12589.

Supreme Court of South Dakota.

Argued Oct. 11, 1979.

Decided July 9, 1980.

Mark G. English of Arvesen, Donoho, Lundeen, Hoff, Svingen & English, Fergus Falls, Minn. and Warren W. May of May, Adam, Gerdes & Thompson, Pierre, for appellant Otter Tail Power Co.

George S. Mickelson of McCann, Martin & Mickelson, P. C., Brookings, for appellee City of White, South Dakota.

Ben Stead, Asst. Atty. Gen., Pierre, for appellee South Dakota Public Utilities Commission.

WOLLMAN, Chief Justice.

Appellant Otter Tail Power Company (Otter Tail) appeals from an order of the circuit court that affirmed the Public Utilities Commission's (Commission) decision that the Commission has the authority to assign an electric service area to the city of White (White) and that remanded to the Commission the issue of compensation due Otter Tail for service contracts with customers within White. We dismiss in part and reverse in part.

Otter Tail is a public utility serving customers in the Dakotas and Minnesota and had served White at retail for many years prior to 1975. In 1975, the Legislature enacted SDCL 49–34A, which extended the power of the Commission over electric utilities operating within the state. This chapter eliminated the need for electric utilities to obtain franchises to operate in municipalities, providing that:

Each electric utility shall have the exclusive right to provide electric service at retail at each and every location where it is serving a customer as of March 21, 1975 . . . and no electric utility shall render or extend electric service at retail within the assigned service area of another electric utility unless such other electric utility consents thereto in writing . . . . .

SDCL 49–34A–42. The next section provides in pertinent part: "Nothing contained in this chapter shall modify existing rights of municipalities to establish an electric utility." SDCL 49–34A–43.*

On March 21, 1975, Otter Tail was the only electric utility providing electric service to White, and by Commission order dated July 1, 1976, Otter Tail was assigned a service area that included the entire municipal area of White.

On November 2, 1976, the electors of White adopted an ordinance authorizing the municipality to construct and operate a municipal electric system and to issue up to $250,000 in electric revenue bonds to finance such a system. White applied to the Commission for a declaratory ruling whether White must pay Otter Tail for White's assumption of Otter Tail's service rights in White. The Commission ruled that White was entitled to and would receive certification for its municipal electric system when it was established and functional and further ruled that White had no obligation under SDCL 49–34A to buy out Otter Tail's system within the city or to compensate Otter Tail for any of Otter Tail's facilities that the city did not use in its municipal electric system.

Upon rehearing, the Commission held that it had no jurisdiction to determine whether compensation was due Otter Tail for the taking of its physical facilities or its service territory, but in all other respects it affirmed the original decision in this matter. As has been indicated above, the circuit court held on appeal that the Commission had authority to certify a service area to White, but remanded to the Commission the issue of compensation due Otter Tail for the service contracts.

---

* A similar proviso was added to SDCL 9–35–1, the statute authorizing municipalities to regulate and provide for utility services, by 1976 S.D.Sess.L. ch. 296, § 29.

■ Otter Tail seeks review of both aspects of the trial court's order. Because Otter Tail does not dispute White's right to establish its own electric utility and to exclude Otter Tail from serving customers within the municipal area of White, however, we conclude that there remains no live controversy to be adjudicated. To be sure, Otter Tail would no doubt like an advisory ruling from this Court concerning the question whether the Commission has the authority to assign service areas to a municipality. Such a ruling, however, would have no bearing whatsoever upon the area that White is presently serving, nor does Otter Tail point to any other pending case that would be affected by such a ruling. That being the case, we dismiss that portion of Otter Tail's appeal on the ground of mootness.

■ We agree with Otter Tail that the issue of compensation for the service contracts should not have been remanded to the Commission. The service contracts, of which there are seventeen, are with individual customers within White who agreed to purchase power exclusively from Otter Tail for a specified number of years.

It is not clear upon what basis it could be said that the Commission has the authority to determine the amount of compensation, if any, due Otter Tail for the service contracts. SDCL 49–34A–48 through 49–34A–55 provides a detailed procedure whereby a municipality that expands its boundaries may elect to purchase the facilities owned by an electric utility within the territory so annexed. SDCL 49–34A–51 and 49–34A–52 spell out the Commission's role in determining the amount of compensation to be paid if the municipality and the electric utility are unable to agree on this issue. No similar provisions exist with respect to any compensation that may be owed for the facilities owned by an electric utility within the original boundaries of a municipality at the time the municipality elects to operate an electric utility of its own. Indeed, the Commission states in its brief that in the light of its previous determination concerning its lack of jurisdiction to adjudicate any com-

pensation claims, it is probable that it would determine on remand that it has no jurisdiction to determine the amount of compensation due Otter Tail for its service contracts.

None of the parties having directed us to any provision of law that would appear to give the Commission jurisdiction to determine the amount of compensation, if any, due Otter Tail for its service contracts, we conclude that the trial court erred in remanding this issue to the Commission. Nothing in our decision in this regard will foreclose Otter Tail from pursuing any action it deems appropriate in circuit court for an adjudication of the amount it claims is due for the appropriation of its facilities, service areas, and service contract rights within the municipal limits of White.

That portion of the appeal pertaining to the trial court's order holding that the Commission has the authority to assign service areas to the city of White is dismissed. That portion of the trial court's order remanding the issue of compensation due Otter Tail for its service contracts is reversed.

All the Justices concur